Filed 5/1/25  P. v. Tierce CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JAMES LEE TIERCE,<br><br>     Defendant and Appellant. | G064466<br><br>(Super. Ct. No. FVI17002028)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Enrique Guerrero, Judge. Affirmed.

Lara Gressley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*          \*          \*

James Lee Tierce (Defendant) filed a notice of appeal from an order denying his motion made pursuant to Penal Code section 1385, subdivision (c) (section 1385(c)) to dismiss an enhancement for discharge of a firearm. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth the facts of this case and requesting this court conduct an independent review of the entire record. Pursuant to *Anders*, appointed counsel identified two potential issues to assist us in our independent review. Defendant was given the opportunity to file a supplemental brief on his own behalf, but he has not done so.

We have reviewed counsel's brief and examined the record in accordance with our obligations under *Wende* and *Anders*. We find no arguable issues on appeal and therefore affirm.

In October 2021, an information charged Defendant with one count (count 1) of attempted robbery (Pen. Code, §§ 211, 664) and one count (count 2) of assault with a firearm (*id*., § 245, subd. (a)(2)). The information alleged as to count 1 a sentencing enhancement that Defendant personally used a firearm within the meaning of Penal Code section 12022.53, subdivision (b).

On November 4, 2021, Defendant pleaded guilty to count 1 and admitted the allegations of the firearm enhancement under Penal Code section 12022.53, subdivision (b). Defendant was sentenced on February 22, 2022. He was given the stipulated term of three years in prison on count one and 10 years in prison on the firearm enhancement. Count two and two other sentencing enhancements were dismissed. Defendant's counsel did not make

a request for relief or invite the trial court to exercise its authority under Penal Code section 1385(c).

On April 8, 2024, Defendant filed a motion pursuant to section 1385(c), and *People v. Tirado* (2022) 12 Cal.5th 688 requesting that the court strike the remaining time of his 10-year firearm enhancement. In his motion, Defendant claimed he met one of the nine mitigating circumstances for consideration by the trial court in determining whether to strike an enhancement (§ 1385(c)(2)(A)–(I)). Defendant also asserted, as mitigating circumstances, his completion of the base term of his sentence, a recent heart procedure, a diagnosis of prostate cancer for which he was undergoing chemotherapy, and morbid obesity, high blood pressure, and sleep apnea.

On May 16, 2024, the court denied Defendant's motion on the ground Defendant was "ineligible for such relief" pursuant to Penal Code section 1385(c)(2)(f) and Penal Code section 667.5, subdivision (c)(22) because "the current offense is a violent felony."

Pursuant to *Anders*, Counsel has suggested two issues to assist us in our review: (1) "Does a claim of ineffective assistance of counsel lie on appeal for failure to request that the court strike the enhancement at sentencing?" and (2) "Did the court err in denying appellant's request to strike the remaining time for his 10-year enhancement?" (Italics added.) Addressing the first issue is unnecessary for our decision. The second issue has no merit: A court is not authorized to grant relief under section 1385 after the imposition of sentence and rendition of judgment. (*People v. Kim* (2012) 212 Cal.App.4th 117, 122-123.)

## DISPOSITION

The postjudgment order is affirmed.


                    SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.

4